***E-FILED - 7/11/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FELIX PEREZ FAUSTO, | ) | No. C 04-4721 RMW (PR) |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. | ) | |
| TOM L. CAREY, Warden, | ) | |
| Respondent. | ) | (Docket No. 14) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 on November 4, 2004. In his original petition, petitioner requested a stay while he exhausted his claim of ineffective assistance of counsel ("IAC") in state court. The court initially denied petitioner's request for a stay without prejudice because it was unclear whether the remaining claims in the petition were exhausted. The court ordered petitioner to file a response clarifying whether the claims in the petition had been exhausted and to specify which of the claim(s) he intended to exhaust.

On May 11, 2005, petitioner filed an amended petition setting forth three claims,[1] and requested that the court dismiss the petition while he returned to state court to exhaust

---

[1] The May 11, 2005 amended petition was inadvertently filed as a new case, 05-1956 RMW. The new case was closed and the amended petition was filed in this action.

1  all of his claims. On June 6, 2005, petitioner filed a "First Amended Petition." The First
2  Amended Petition set forth one claim, that his sentence was unconstitutional and
3  excessive in violation of the California Constitution Art. I §17 and the Eighth
4  Amendment. Petitioner did not indicate, nor was there any basis for the court to suspect,
5  that he had not exhausted this sentencing claim.

6  On July 14, 2005, the court directed petitioner to clarify whether he wanted to
7  proceed only with the one claim in the First Amended Petition, or whether he wanted to
8  stay the First Amended Petition while he exhausted any additional claim(s), including
9  those he had raised in his prior petitions. Petitioner responded to the court's order,
10 clarifying that he wishes to proceed only with the First Amended Petition and the sole
11 sentencing claim set forth therein, and that he did not intend to raise any additional claims
12 in this court. Again, petitioner did not indicate at that time that he had not exhausted the
13 sentencing claim in the First Amended Petition.

14 Accordingly, on March 8, 2007, the court ordered respondent to show cause why
15 the First Amended Petition should not be granted. In response, respondent has filed a
16 motion to dismiss the First Amended Petition on the ground that petitioner had not in fact
17 exhausted the sentencing claim set forth therein. Although granted the opportunity to do
18 so in the order to show cause, petitioner did not file an opposition to respondent's motion.
19 For the reasons discussed below, respondent's motion to dismiss is granted, and the First
20 Amended Petition is dismissed without prejudice.

## BACKGROUND

22 Petitioner entered a <u>nolo contendere</u> plea to manufacturing methamphetamine (Cal.
23 Health & Safety Code §§ 11379.6(a), 11379.7(a), 11379.8(a)(3)), and personal use of a
24 firearm (Cal. Penal Code § 12022(c)) in Mendocino County Superior Court. On January
25 3, 2003, petitioner was sentenced to seventeen years in state prison. Petitioner filed a
26 direct appeal in the California Court of Appeal, which affirmed the judgment on June 4,
27 2004. Petitioner then filed a petition for review in the California Supreme Court raising
28 two claims: (1) that the trial court erred in denying the motion to unseal the search

1  warrant and to suppress; and (2) the trial court's limited in camera review violated his
2  Sixth Amendment rights. (Resp. Ex. 1.) The state supreme court denied the petition for
3  review on August 11, 2004. Petitioner then filed a federal habeas petition in this court on
4  November 8, 2004.

## DISCUSSION

6  Respondent moves to dismiss the First Amended Petition on the ground it is
7  unexhausted because petitioner did not raise the sole claim set forth therein, that his
8  sentence violates his rights under the Eighth Amendment, in the California Supreme
9  Court.

10  Prisoners in state custody who wish to challenge collaterally in federal habeas
11  proceedings either the fact or length of their confinement are first required to exhaust
12  state judicial remedies, either on direct appeal or through collateral proceedings, by
13  presenting the highest state court available with a fair opportunity to rule on the merits of
14  each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c);
15  Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an
16  opportunity to rule on the claims even if review is discretionary. See O'Sullivan v.
17  Boerckel, 526 U.S. 838, 845 (1999) (holding petitioner must invoke "one complete round
18  of the State's established appellate review process."). A federal district court must
19  dismiss a federal habeas petition containing any claim as to which state remedies have not
20  been exhausted. See Rhines v. Webber, 544 U.S. 269, 273 (2005).

21  Here, the petition for review to the California Supreme Court raised two claims for
22  relief, but did not include the claim that his sentence violates his rights under the Eighth
23  Amendment. (See Resp. Ex. 1.) Neither of the two claims presented in the petition for
24  review to the California Supreme Court is at issue in the instant First Amended Petition.
25  Further, there is no indication or evidence in the record that petitioner ever filed any state
26  habeas petitions to the California Supreme Court, or that he ever appeared before the
27  California Supreme Court on any occasion other than in connection with the petition for
28  review cited above. Accordingly, as the claim raised by petitioner in his First Amended

Order Granting Motion to Dismiss
P:\pro-se\sj.rmw\hc.04\Fausto721mtdexh          3

1  Petition was not presented to the California Supreme Court for review, respondent's
2  motion to dismiss the petition as unexhausted will be granted.

### CONCLUSION

4       Respondent's motion to dismiss the petition as unexhausted (docket no. 14) is
5  GRANTED.  The instant petition is DISMISSED without prejudice to petitioner's filing a
6  new federal habeas petition once he has exhausted his state remedies by presenting his
7  claims to the highest state court.  The clerk shall terminate all pending motions and close
8  the file

9       IT IS SO ORDERED.
10 DATED: 7/8/08

                              RONALD M. WHYTE
                              United States District Judge